10-17037

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

RE: SPENCER O. NELSON
AND JOANNE M. NELSON               :     BK NO.

    DEBTORS                             :     CHAPTER 13

## CHAPTER 13 PLAN OF THE DEBTOR

1. Under this plan the allowed unsecured claimants will receive not less than the that they would have received in a Chapter 7 liquidation.

2. The Debtor shall submit to the supervision and control of the trustee the following sums:

    a. The sum of 35,100.00 be paid as follows:
        $ 585.00 per month for 60 months.

3. The various claims of the Debtor's creditors shall be classified as follows:

    a. Class one: Claims filed and allowed which are entitled to priority under 11 U.S.C. § 507. The Class One claims include but are not limited to attorney's fees and costs to Jon M. Adelstein, Esq. and the priority claims of the Internal Revenue Service and Department of Revenue of the Commonwealth of Pennsylvania.

    b. Class two: After the above payments, payments to secured creditors with allowed claims.

    c. Class three: All other claims.

4. The payments received by the trustee from the Debtor pursuant to this plan shall be distributed as follows:

    a. Class one claims: The amount paid by the Debtor s to the trustee shall be distributed first to the class one claims, pro rata, until they are paid in full.

    b. Class two claims: After the application of the appropriate amount each month to the class one claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed pro rata, to the class two claimants until the Internal Revenue Service and the Commonwealth of Pennsylvania shall have received 100% of their respective secured claims and BAC Home Loans the shall have received 100% of the amount allowed on its claim, as arrearages.

    c. Class three claims: After the application of the appropriate amount each month to the class one and class two claims, the entire amount of the monthly payment remaining in the hands of the trustee shall be distributed, to the holders of the class three claims on a pro rata basis.

        5. Other than arrearages, the claim of BAC Home Loans secured by debtors' residence, the car loans owed to Wachovia Dealer services and Kinecta FCU and all post petition taxes shall be paid outside of the Plan.

6. To the extent that any claim is fully or partially unsecured pursuant to 11 U.S.C. § 506(a), that portion of the claim which is unsecured shall be provided for as a class three (unsecured) claim under this plan. Creditors holding such claims shall retain their liens only to the extent of their allowed secured claims. To the extent that the allowed secured claim is paid during this case or thereafter, such creditors' liens shall be reduced. Once the allowed secured claim has been paid in full, either during or after the pendency of this case, the creditor holding such claim shall promptly mark any lien securing such claim as satisfied in the appropriate public records.

7. By failing to object to this plan, or any modification thereof, all creditors holding claims agree not to make any effort to collect their claims from any cosigners that may exist, so long as this case remains pending.

8. Confirmation of this plan shall constitute a finding that the plan constitutes the Debtor's best effort under all the circumstances to pay her creditors, within the meaning of 11 U.S.C. § 727(a)(9)

10-17037

9. The title to the property of the estate shall revest in the Debtor upon termination of this plan, and the Debtor shall have sole right to use and possession thereof during the pendency of this case.

10. Confirmation of this plan shall constitute a finding and order that due to the Debtor's low income, the trustee's fee should not exceed 10% of each monthly payment, even if that amount is less than $5.00 per month.

11. Any money or property acquired by either the trustee or the Debtor or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the Debtor if exemptable, and shall be forthwith delivered to the Debtor.

12. If the Debtor defaults after filing of the petition, on any payment to a utility entitled to adequate assurance under 11 U.S.C. § 366, then that debt shall, upon application of said utility, become a class one claim under this plan. This priority shall be deemed adequate assurance of the utility's future payments.

13. Upon completion of this plan, all debts listed in the Debtor's chapter 13 statement, except those excepted by 11 U.S.C. §1328(a)(1) or (a)(2), shall be discharged.

14. If prior to the expiration of the period set forth in paragraph 3 of this plan all filed claims provided for in this plan are paid in full, this plan shall terminate on that date.

Date August 20, 2010

_____
Attorney for the Debtors

Jon M. Adelstein, Esquire
350 S. Main Street
Suite 105
Doylestown, PA 18901